**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GARY P. JONES,**

          **Plaintiff,**

    **v.**                        **CASE NO.  08-3072-SAC**

**M.SWANN, et al.,**

          **Defendants.**

**O R D E R**

This civil complaint was filed pursuant to 28 U.S.C. § 1331 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Named as defendants are employees of the United States Bureau of Prisons (BOP): M. Swann, PAC, AHSA; G. Drennan, HSA; J. Hollingsworth, AW; C. Chester, Warden; Harley Lappins, Director BOP; and Glynis Gaval, U.S. Dept. of Justice. Defendants Swann and Drennan are described as "medical administrators" who are "generally responsible for ensuring the provision of medical care" to prisoners at USPL, and plaintiff sues them in their individual capacities. Defendants Hollingsworth, Chester, Raval, and Lappins are sued in their individual and official capacities[1]. Plaintiff asserts that defendants' actions in refusing to provide, or to intervene to see that he is provided, necessary medical treatment constitute cruel and unusual punishment in violation of the Eighth Amendment. In addition to § 1331, he claims he is entitled to relief under 42

---

[1] Claims that federal employees caused injury by negligent or wrongful act or omission while acting within the scope of their employment must be brought against the United States as sole defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. Exhaustion of administrative remedies and compliance with time limits set forth in the FTCA are required.

U.S.C. § 1983[2] and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (ADA).  He asks the court to issue an injunction ordering defendants to immediately purchase a new wheelchair for him.  He also seeks money damages against each defendant.

**FACTUAL BACKGROUND**

Mr. Jones alleges that he has a physical impairment -the loss of both legs- and is protected by the ADA.  He further alleges that on September 16, 2007, his personal wheelchair became no longer operable.  That day he went "to medical," and an EMT provided him with a loaner.  The next day plaintiff talked to defendants Drennan and Swann, and Swann fitted him for a new wheelchair on September 26, 2007.  Plaintiff asked Drennan when he was going to purchase the new wheelchair, and Drennan responded "soon" while also mentioning transfer to another institution.  Plaintiff informed Drennan that he could not be transferred because he was going home in less than twelve months.  On October 10, 2007, Drennan told plaintiff he was not going to purchase the wheelchair because he could not transfer plaintiff out of the USPL.  Plaintiff has repeatedly asked Drennan to purchase the new wheelchair.

Plaintiff states that the "hospital wheelchair" he is using is not adequate for his everyday needs.  He alleges in support that transferring in and out of bed, the shower, and to the toilet are the main problems because the arm and leg rests are not removable.

Plaintiff talked to defendant Hollingsworth, who told him to

---

[2] This action is not properly brought under 42 U.S.C. § 1983 because federal employees act under color of federal, not state, law.

2

file a grievance.  Instead, plaintiff contacted defendant Raval, "Civil Rights Division, Special Litigation" at the Department of Justice; claimed denial of medical treatment; and asked that office to intervene.  On November 9, 2007, plaintiff received a letter from defendant Raval stating his letter would be referred to the BOP for action.  Plaintiff waited for over a month with no response from the BOP.  On January 17, 2007, plaintiff contacted defendant Lappins, Director of the BOP.

Plaintiff exhibits a response from defendant Warden Chester, dated February 6, 2008, to plaintiff's grievance, which had been forwarded to the BOP from the Department of Justice.  Warden Chester found plaintiff was provided "an adequate wheelchair" on September 16, 2007, "to enable you to remain mobile when you choose not to wear your artificial limbs."

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed an application to proceed without prepayment of fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent (20%) of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account for the preceding six months has been $28.33, and the average monthly balance has been $30.59.  The court therefore assesses an initial partial filing fee of $6.00, twenty percent of the average monthly

3

balance, rounded to the lower half dollar[3]. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The court finds plaintiff was required to, but has not, exhausted prison administrative remedies on his claims. Booth v. Churner, 432 U.S. 731, 741 (2001); Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Jones v. Smith, 266 F.3d 399, 400 (6th Cir. 2001)(prisoner required to exhaust administrative remedies even when claims violation of ADA). Mr. Jones admits there is a grievance process at the USPL, and that he has not presented his claims through that process. He must have followed the BOP grievance

---

[3] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

4

procedures set forth in 28 C.F.R. §§ 542.10 through 542.19.  Since it is clear from the face of the complaint that plaintiff has not exhausted administrative remedies, this action may be dismissed for failure to exhaust under 42 U.S.C. § 1997e(a)[4].

Plaintiff makes the conclusory allegations that it "would have been frivolous" for him to seek administrative relief because he would not have time before he goes to the Halfway House in April, 2008, and that he knows the staff.  The main problem with these assumptions is that relief should be more efficiently obtained through administrative procedures than a lawsuit.  Furthermore, providing the agency with the opportunity to remedy its wrongs and make an administrative record are prerequisites to bringing a lawsuit in federal court.  Plaintiff will be given time to show cause why this action should not be dismissed on account of his failure to exhaust all available administrative remedies.

**FAILURE TO STATE A CLAIM**

    **CRUEL AND UNUSUAL PUNISHMENT**

The court further finds plaintiff fails to state a claim under either the Eighth Amendment or the ADA.  Plaintiff's own exhibits and allegations reveal that he has received medical attention at the USPL, and merely disagrees with the care provided.  Such a disagreement between a lay prisoner and his medical provider does not present a claim under the Eighth Amendment.

Moreover, plaintiff does not satisfy the standards for Eighth

---

[4] Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

5

Amendment claims, which requires that he allege facts indicating "deliberate indifference" on the part of defendants. The "deliberate indifference" standard of <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976), "has two components: an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1444 (10th Cir. 1996)(quotation omitted). The objective component requires "extreme deprivations." "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992)(quotations omitted). The test for the subjective component is whether "the official knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

     Plaintiff makes the conclusory claim that the wheelchair he is currently using does not meet his everyday needs, but does not allege facts indicating he has been injured or how he is in imminent danger from using it. That its use may be inconvenient or more difficult than a different model does not amount to an extreme deprivation. Unless plaintiff supplements his complaint with additional facts to support his claim of cruel and unusual punishment, this action may be dismissed for failure to state sufficient facts in support.

### **ADA CLAIM**

As additional legal authority plaintiff cites the Americans

6

with Disabilities Act (ADA), 42 U.S.C. § 12121, et seq. Title II of the ADA provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. The court assumes plaintiff would fall within the definition of "qualified individual" under the Act, as he claims, if the ADA were applicable to him. See 42 U.S.C. § 12131(2). The United States Supreme Court has clearly held that Title II of the ADA applies to state prisons and prison services. Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206 (1998). Controlling authority has not held that the ADA applies to the federal government, its agencies or institutions. See Foreman v. Bureau of Prisons, 2005 WL 3500807 (D.N.J. Dec. 20, 2005)(and collection of cases cited therein)[5], aff'd, 2007 WL 108457 (3rd Cir. Jan. 16, 2007), cert. denied, 128 S.Ct. 73 (Oct. 1, 2007).

However, even if the ADA is applicable to federal prisoners, plaintiff has not stated a claim for relief thereunder. This is so because he does not allege facts indicating he has been "denied the benefit of the services, programs, or activities" offered to inmates at the USPL due to his disability or discrimination based upon his disability. See Moore v. Prison Health Services, Inc., 24 F.Supp.2d 1164, 1167-68 (D.Kan. 1998)(ADA affords disabled persons legal rights regarding access to programs and activities enjoyed by all,

---

[5] A "public entity" is defined as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority. . . ." U.S. Wishart, 146 Fed.Appx. 171, 173 (9th Cir. 2005)(citing 42 U.S.C. § 12131(1)), cert. denied, 547 U.S. 1154 (2006).

and is not a general federal cause of action for challenging the medical treatment of their underlying disabilities), aff'd, 201 F.3d 448 (10th Cir. 1999); Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998); Bryant v. Madigan, 84 F.3d 246, 249, FN2 (7th Cir. 1996)(The ADA does not create a claim for medical malpractice.).  Instead, it appears from plaintiff's own filings that he has been provided with a wheelchair and has artificial limbs to allow his access to programs and services.  Unless plaintiff supplements his complaint with additional facts in support of his claim under the ADA, it may be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 6.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the assessed fee as required herein may result in dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that in the same thirty-day period plaintiff must file a "Supplement to Complaint" stating additional facts sufficient to support his claims as discussed herein, or this action will be dismissed.

**IT IS SO ORDERED**.

Dated this 24th day of March, 2008, at Topeka, Kansas.

                                        s/Sam A. Crow
                                        U. S. Senior District Judge

8